UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| REBECCA JACKSON, et al, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 6: 05-660-DCR |
| ) | |
| V. ) | |
| ) | |
| AMERICAN SAFETY INSURANCE ) | **MEMORANDUM OPINION** |
| HOLDINGS, LTD, et al, ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff's Motion to Disqualify Counsel. [Record No. 5] The Plaintiff alleges that, as former counsel to Plaintiff's predecessor in interest, Timothy Feld and his law firm should be disqualified as counsel for American Safety Insurance. Although the Defendants have not responded to this motion, the Court has reviewed this matter and finds that Timothy Feld and his law firm, Golden & Walters, PLLC, should be disqualified as counsel. The Defendants will be given thirty days from the entry this Order to have new counsel enter an appearance.

**I.     BACKGROUND**

The underlying action arises from a personal injury lawsuit first filed in Bell County, Kentucky. Richard Jackson, through his guardian Rebecca Jackson, sued Chas Coal and Calvary Coal, among others, for catastrophic injuries resulting from a mine accident. Both Chas Coal and Calvary Coal were, to a greater or lesser extent, run by Charlie Collins, although his

ownership interest varied. Chas Coal was represented by Timothy Feld, now an attorney for American Safety Insurance (AS") in this action.

Chas Coal was insured by ASI. In the case of the Jackson accident, ASI denied coverage to Chas Coal on the basis that the shaft where the accident occurred was not one covered by the insurance policy. As a part of a settlement with plaintiffs, Chas Coal assigned a portion of its rights against ASI to Jackson, but retained the right to seek reimbursement against ASI.

## II.    ANALYSIS

At the time the initial lawsuit was filed, Timothy Feld was counsel to Chas Coal. As such, it appears that he worked closely with Charlie Collins to determine the extent of coverage provided by ASI. Feld would have had access to confidential information of his client, Chas Coal, and would have discussed the basis for insurance coverage. In particular, it is expected that he would have had conversations regarding whether the shaft in question was within the policy issued by ASI. It would be in Chas Coal (and Charlie Collins) best interest, from an indemnification standpoint, for ASI to provide full coverage for the claim.

As a part of the settlement, Chas Coal's rights against ASI were assigned to the plaintiffs in this case. This would make Chas Coal and Charlie Collins predecessors-in-interest to the Jacksons, and would nominally make them both plaintiffs against ASI.

Timothy Feld now represents ASI in its defense against the Jacksons, and indirectly against Charlie Collins. The ethical rules are clear that a lawyer cannot work to the detriment of a former client without a waiver from that client. *Boggs v. Kentucky Bar Ass'n*, 999 S.W.2d 709 (Ky. 1999), *citing* Ky R. Prof. Cond. 1.9(a). Neither can he represent, even nominally, both

sides in a particular piece of litigation, especially where that litigation might turn on specific factual information to which he would have had access as counsel. *Whitaker v. Commonwealth*, 895 S.W.2d 953 (Ky. 1995); Ky. R. Prof. Cond. 1.9(b).

Timothy Feld is therefore disqualified from representing ASI in this matter. In addition, that disqualification is imputed to other members of his law firm. Ky. R. Prof. Cond. 1.10(a) The law firm of Golden & Walters, PLLC is therefore also disqualified in this matter. ASI shall have 30 days from the entry of this order for new counsel to enter an appearance.

### III.    CONCLUSION

The Court being sufficiently advised, it is hereby as **ORDERED** follows:

1. The Plaintiffs' Motion to Disqualify Counsel  [Record No. 5] is **GRANTED**;

2. Timothy C. Feld and the law firm of Golden & Walters, PLLC are disqualified from representing American Safety Insurance in this case;

3. Defendants American Safety Insurance has 30 days from the entry of this order for new counsel to enter an appearance.

This 20th day of January, 2006.



Signed By:
*Danny C. Reeves*   DCR
United States District Judge